UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**THOMAS YOUNG,**
               **Plaintiff**

**v.**                                  **Civil Action No.**
                                           **3:03CV461-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
               **Defendant**

### MEMORANDUM OPINION

      This case presents plaintiff Thomas Young's challenge to the decision of the Commissioner denying his claim to Disability Income Benefits and Supplemental Security Income payments. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

      The disability determination process consists of five steps. <u>Wyatt v. Secretary</u>, 974 F.2d 680 (6th Cir. 1992). These steps are approached sequentially, and a finding at any step that is adverse to the claimant terminates the process:

      1. The claimant must not be engaged in substantial gainful activity.

      2. The alleged disabling impairment must be "severe," meaning that it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking. 20 CFR Section 416.921.

      3. If the claimant has a medical condition that meets or exceeds the impairments listed in

Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).

    4.  The claimant must be unable to do his or her past relevant work.

    5.  If the claimant shows inability to do the past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs. Born v. Secretary, 923 F.2d 1168 (6th Cir. 1990).

Mr. Young filed his applications in March of 2002, alleging that he had been unable to engage in any substantial gainful employment since October 1, 2000. After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. Young's chronic low back pain, but that he retained the residual functional capacity for light work with the option to sit or stand as needed.

If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An

administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986). Significantly, under this standard, this Court is not to resolve conflicts in evidence and may not

Mr. Young suffers from low back pain, which intensifies when he stays in one position for a long period of time. He stated that he can walk for two blocks, but then has to go inside to sit down for fifteen minutes because of the pain. Tr. 207-208. He testified that he thought he could do a job that allowed him to alternate 20 minutes standing, 30 minutes sitting, maybe walk short distances periodically. Tr. 211. The testifying vocational expert identified a significant number of jobs meeting this description. Tr. 226-227. At another point, however, Mr. Young testified "most time I'm laying down, really, sitting, I'm really laying down," but he denied sleeping during the day. Tr. 220-221. The vocational expert testified that the need to lie down during the day would eliminate the availability of all unskilled jobs. Tr. 227.

Mr. Young contends that substantial evidence fails to support the conclusion that he could perform light work activity. Specifically, he argues that the ALJ did not properly evaluate Mr. Young's testimony that his pain requires that he lie down during the day. The ALJ noted as follows:

> He stated he can sit only about fifteen minutes. He often lies down because of pain. He reported he does not nap during the day. He reported he can lift 25 pounds and carry it fifteen feet, walk two or three blocks, sit 15 to 30 minutes, and stand 20 minutes.

Tr. 14. The ALJ then proceeded to discuss all of the medical evidence, which, viewed in the light most favorable to the claimant, revealed a medical condition that would cause difficulty squatting, bending, and stooping, but which failed to mention any medical need to lie down during the day. The ALJ then moved through the sequential analysis and determined that Mr.

3

Young "has a residual functional capacity for light work but he requires a sit/stand option." Tr. 15.

It might have been preferable for the ALJ to have specifically addressed the "lie down" matter, but it must be noted that Mr. Young never testified that he *needed* to lie down rather than sitting down.  More significantly, however, even if this could be viewed as error, it is clearly harmless.  There is nothing in the medical records that indicates Mr. Young has ever been advised to lie down because of his condition, nothing that indicates a condition that would ordinarily require lying down periodically, and nothing that indicates Mr. Young ever told a doctor he felt the need to lie down during the day.

The Court sees no legal error, and there is substantial evidence to support the Commissioner's decision.  Accordingly, the decision will be affirmed.